UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORRAINE TIETJEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-02206-TWP-DML |
| | ) |
| MOE'S SOUTHWEST GRILL, and | ) |
| FOOD CHAIN, INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PENDING MOTION**

This matter is before the Court on Defendants Moe's Southwest Grill and Food Chain Inc.'s ("Moe's") Motion to Dismiss. (Dkt. 27.) On July 18, 2018, Plaintiff Lorraine Tietjen ("Tietjen"), *pro se*, filed a Complaint in federal court against Moe's alleging employment discrimination on the basis of age, disability, and race. (Dkt. 1.) Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Tietjen fails to state a claim upon which relief may be granted. (Dkt. 28 at 4.) For the following reasons, the Court **grants** Defendants' Motion to Dismiss.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Tietjen as the non-movant. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Tietjen, a Caucasian, woman in her fifties, began working at Moe's, a fast food-casual Mexican restaurant in Bloomington, Indiana, on September 27, 2016. (Dkt. 1 at 2.) On December 8, 2016, she discovered that she had been terminated. *Id*. Tietjen alleges that the manager Evelynn

Keo ("Keo"), and employees Lucas Morales ("Morales"), Manuel and Julian Arias ("Arias"), conspired to discriminate against her by denying her cashier training that was instead provided to younger, less experienced employees. *Id* at 3. Keo informed Tietjen that she did not have time to train Tietjen to work the cash register; however, Keo trained an African American male (Donovan) and a Latino woman (Rosa-who only speaks basic English) to work as cashiers. *Id*. Tietjen's hours were reduced from 32 hours per week to 8 to 12 hours per week, and the hours she lost were given to new, less experienced employees. *Id* at 4.

Tietjen alleges that two cooks, Morales and Manuel, lied about her performance and verbally harassed her in front of customers. *Id*. at 5-6. Due to a car accident, Tietjen would have occasional pain in her legs. She requested permission from the Assistant Manager, Joshua Koteen, to sit occasionally. *Id.* at 5. In October 2016, Tietjen sat down for a few minutes when business was slow, Lucas then told Keo that "[e]very time we needed her to do something she was sitting down." *Id*. Tietjen alleges that Lucas was retaliating against her because she reported that Lucas had not properly washed, rinsed and sanitized a fry basket. *Id* at 6. Lucas sought out individuals of Hispanic descent and trained them to replace Tietjen. *Id.* On November 26, 2016, when the restaurant was momentarily out of steak, because Lucas had failed to cook some before it ran out, he chastised Tietjen for the shortage in front of a customer. *Id.*

When she reported to work on December 8, 2016, Tietjen learned that she was terminated from Moe's. *Id* at 7. On December 9, 2016, she returned to the establishment to pick up her paycheck. *Id.* While attempting to receive her paycheck, Manuel the cook, blocked Tietjen's exit and stated, "You can't pick up your paycheck if you don't have your T-shirt." *Id.* Tietjen was able to exit when she demanded that Manuel move, or she would call the police. *Id.* Subsequently, after leaving the restaurant, Tietjen called the Bloomington Police Department to report the

incident. *Id.* Two weeks later, Tietjen arrived at Moe's with a police escort to obtain her final paycheck. *Id.*

On October 4, 2017, Tietjen filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Dkt. 17-1.) In her charge, she wrote:

> I am a 54 year old white woman who was hired by Moe's Southwest Grill September 2016 as a cashier. My immediate supervisor was Evelynn Keo. I was terminated on December 6, 2018, after a Hispanic cook Lucas Last Name Unknown lied about me and the manager then cut my hours while giving more hours to Hispanic immigrants who could not speak English very well. They were younger and had much less experience than I did and weren't as qualified as I was. I believe Lucas was motivated to lie about me, an American citizen, to the manager so that she would fire me and he could bring in immigrants who don't have the basic understanding of how to behave professionally on a job. The manager Evelynn had no justifiable reason to fire me. Lucas said I was slow and I had trouble wrapping a burrito when it was overstuffed by a young American man who worked there. I believe I was discriminated against in violation of the Age Discrimination in Employment Act as amended, and Title VII of the Civil Rights Act as amended.

*Id.* The EEOC found no violations of statutes and mailed a letter informing Tietjen of her right to sue on April 5, 2018. (Dkt. 17-2.)

Tietjen makes six claims against Moe's in her Complaint: (1) discrimination based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"); (2) discrimination based on gender and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); (3) discrimination pursuant to the Americans with Disabilities Act ("ADA"); (4) the unlawful employment of aliens under 8 USC § 1324a; (5) criminal confinement; and (6) denial of unemployment benefits. She seeks relief of financial compensation, lost wages, and apology from Keo, Morales and Arias, and termination and deportation of Moe's employees who are in this country illegally. (Dkt. 1 at 9).

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

3

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Moe's makes six arguments in its Motion to Dismiss: (1) Tietjen's Title VII, ADEA, ADA, and Rehabilitation Act of 1973, 29 U.S.C. § 701 (the "Rehab Act") claims are barred for failure to timely exhaust her administrative remedies; (2) the Title VII, ADA, Rehab Act, and ADEA claims are barred because the applicable deadlines passed after the filing ; (3) Tietjen's claims under 42

U.S.C. § 1981 ("Section 1981") claims fail because she cannot prove reverse discrimination; (4) there is no private right of action to bring a claim under 8 USC § 1324a; (5) Tietjen does not have a private right of action to enforce a criminal statute; and (6) Moe's did not deny Tietjen employment benefits. (Dkt. 28.) The Court will address each argument in turn.

**A.      Time Limitations**

Moe's asserts that Tietjen's claims of discrimination should be dismissed because they are time barred. Moe's contends that her claims under Title VII, the ADEA, the ADA, and the Rehab Act fail because she did not timely exhaust her administrative remedies or timely file her Complaint. (Dkt. 28 at 4.)

Generally, Title VII requires that a claimant file a charge with the EEOC within 180 days of an allegedly discriminatory act. 42 U.S.C. § 2000e-5(e). "However, if a claimant initially institutes proceedings with a state or local agency that possesses the authority to address the alleged discrimination, the time limit for filing with the EEOC is extended to 300 days." *Black v. Rieth-Riley Constr. Co.*, 957 F. Supp. 177, 180 (S.D. Ind. 1997) (quoting *Russell v. Delco Remy Div.*, 51 F.3d 746, 750 (7th Cir. 1995)). This limitation period serves to "'protect employers from the burden of defending claims arising from employment decisions that are long past.'" *Id.* (citing *Mull v. Arco Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir. 1986) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 256-57 (1980)). Under the ADEA, if there is a state law that prohibits age discrimination, the plaintiff must file within 300 days of the alleged conduct. 29 U.S.C. § 626(d)(1)(B). Furthermore, under the ADA, ADEA, and Title VII, a plaintiff must file suit within 90 days from the date the EEOC gives notice of the right to sue. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit has held that the 90-

5

day period begins to run when the claimant receives actual notice of her right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 839, (7th Cir. 1999).

### 1. Failure to timely file with EEOC

Moe's first argues that Tietjen's Title VII, ADA, and Rehab Act claims are barred for failure to timely exhaust her administrative remedies. (Dkt. 28 at 5.) Tietjen did not present any evidence of filing with a state or local agency. In her Complaint, she states that she was terminated on December 8, 2016, and that she filed with the EEOC on October 4, 2017. As a result, the 180-day period encompasses discriminatory acts dating back to April 7, 2017. Regarding the ADEA claims, the 300-day period encompasses acts dating back to December 8, 2016, which is the date of Tietjen's termination. Neither Tietjen's Complaint nor her evidentiary materials identify any discriminatory act which occurred within this time period. Tietjen makes no allegation of discriminatory acts in the Complaint dating back to April 7, 2017, or of any discriminatory acts that occurred on the date of her termination—December 8, 2016. Unless some type of tolling or other theory preserves her claim, it is time-barred.

The Seventh Circuit has recognized two equitable modifications for the time limitations: "(1) equitable tolling, which focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant and (2) equitable estoppel, which usually focuses on the actions of the defendant." *Mull*, 784 F.2d at 291. Equitable tolling tolls the limitations period until "'facts that would support a charge of discrimination . . . [are] apparent or should [be] apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.'" *Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407, 410-11 (7th Cir. 1984)) (citing *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975)). *Vaught* instructs that to support a claim of equitable tolling, there must be evidence that there was no basis for

discrimination until the time of filing. Here, no new developments are alleged to have occurred between the time of her termination and her filing with EEOC to make the alleged discrimination more apparent. Therefore, equitable tolling is not appropriate.

Equitable estoppel applies when "the employee's otherwise untimely filing was the result 'either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Mull*, 784 F.2d at 292. Tietjen has not alleged any actions taken by Moe's that would have caused her to delay filing her charge, thus equitable estoppel is inapplicable. Accordingly, the Court concludes that Tietjen has failed to present evidence of unlawful discrimination which occurred during the applicable time period and dismissal is warranted on her Title VII, ADA, and Rehab Act claims.

### 2. Failure to Initiate lawsuit within 90-day time limit

Moe's also contends that Tietjen did not comply with the 90-day time limit to initiate an action after receiving the Notice of Right to Sue Letter. Tietjen filed a discrimination charge with the EEOC on October 4, 2017. The EEOC closed its file on Tietjen's complaint on April 5, 2018, and notified her of her right to file suit. (Dkt.1-1.) The EEOC notice explained that if Tietjen did not file her lawsuit within 90 days of receipt of the notice, her "right to sue based on th[e] charge [would] be lost." *Id*. Moe's argues that the Court should assume Tietjen received the notice three to seven days after it was mailed by the EEOC. (Dkt. 28 at 7.) To support its position, Moe's cites *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) for the proposition, "unless proven otherwise, the receipt date is presumed to be five days from the mailing date." However, *Loyd* is not applicable here. The court in *Fuentes v. Studio Movie Grill* came to a similar conclusion. The court stated:

> The Court cannot agree that Loyd requires this Court to assume plaintiff actually received the notice of right to sue five days after it was mailed. For starters, Loyd

7

> is not a Title VII case. It is a Social Security case brought under 42 U.S.C. § 405(g). Next, defendant has taken the quotation entirely out of context. The quoted language is not part of a legal principle expounded by the Seventh Circuit; it is part of the fact section in which the Seventh Circuit is summarizing a letter sent by the Appeals Council of the Social Security Administration to a claimant.

*Fuentes v. Studio Movie Grill,* No. 18-cv-3706, 2019 U.S. Dist. LEXIS 71576, at *8 (N.D. Ill. Apr. 29, 2019).

The *Fuentes* court also clarified that the five-day extension is supported by Social Security Regulation 20 C.F.R. § 416.1401. *Id* at 9. As mentioned above, a plaintiff's right to sue begins when the plaintiff receives actual notice. Tietjen acknowledged in her Complaint that she received notice of her right to suit on April 18, 2018. However, this case was not filed until July 17, 2018 – 91 days after receiving notice of right to suit. Therefore, Tietjen's Title VII, ADA, ADEA, and Rehab Act claims are also time barred on this basis.

Even if Tietjen's Complaint were timely filed, dismissal is still warranted on the merits of a majority of her claims as follows.

**B.     Discrimination Claims**

Moe's argues that Tietjen fails to establish a *prima facie* case for unlawful discrimination. In her EEOC charge Tietjen alleges discrimination based on her identity as a 54 year old Caucasian woman. A plaintiff establishes a *prima facie* case of discrimination by presenting evidence that would allow a reasonable jury to find that: (1) she is a member of a protected class; (2) she was meeting the employer's legitimate employment expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated non-protected class member. *Farrell v. Butler Univ.*, 421 F.3d 609, 613, (7th Cir. 2005).

### 1. Race Discrimination

Because Tietjen is not a traditional minority, the reverse discrimination standard applies. To succeed on a reverse discrimination claim, Tietjen must show "(1) background circumstances exist to show an inference that the employer has reason or inclination to discriminate invidiously against whites or evidence that there is something 'fishy' about the facts at hand; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated individuals who are not members of her protected class." *Formella v. Brennan*, 817 F.3d 503, 511 (7th Cir. 2016). Moe's asserts that Tietjen fails to put forth any allegations that would support an inference that Moe's had any reason or inclination to discriminate against Caucasian individuals or Caucasian women. (Dkt. 28 at 10.)

The Complaint does not give rise to an inference that Tietjen's race or national origin were factors in her not receiving certain assignments or training at Moe's. Tietjen alleges she was discriminated against based on her race so that Latino workers could be hired, specifically identifying a Latino woman named Rosa and an African American male named Donovan. The Complaint does not allege any circumstances that demonstrate an inclination to discriminate against whites, nor does she provide a comparator who is not a member of her protected class. The Complaint is vague and gives the impression that Moe's is not discriminating against white women, but simply offering employment opportunities to citizens of various ethnic backgrounds. Because the Complaint fails to demonstrate any discrimination based on her race, dismissal is warranted on the merits of this claim.

### 2. Age Discrimination

The ADEA makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on her age discrimination claim, Tietjen must plead enough facts that would permit a reasonable factfinder to conclude that her age was the cause of an adverse employment action. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). At the motion to dismiss stage, a plaintiff must set out factual allegations that show: (1) she is a member of a protected class, (2) she was qualified for the job, (3) she was subjected to an adverse employment action, and (4) there was a connection between membership in a protected class and the adverse employment action. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006).

In her EEOC charge, Tietjen states that she was 54 years old when she did not receive adequate job training—thus she was a member of a protected class. (Dkt. 17-1.) She alleges that she was qualified for the positions to which she applied, and that she was not properly trained to fulfill those jobs. (Dkt. 1 at 4.) In her Complaint she states that she was "older than most employees" and the people who were hired and trained for the cashier position she applied for were "younger and inexperienced," (Dkt. 1 at 3), creating a reasonable inference that age was a factor in Moe's employment decision. At this stage, the Court construes every inference in favor of Tietjen, the non-movant. Rarely will age discrimination be so obvious that a claimant can allege facts at the pleading stage that conclusively show age discrimination occurred—but the pleading standard is not so demanding. To state a claim, Tietjen needed only to allege facts that create an inference that she suffered an adverse employment action because of her membership in a protected class, and the Complaint meets that low bar. While Tietjen's allegation regarding age

10

discrimination has merit, it is time-barred because she failed to raise it within 90 days of receiving her notice of right to suit. Therefore, dismissal is warranted on her ADEA claim.

### 3. Disability Discrimination

Tietjen also alleges discrimination pursuant to the ADA. In her Complaint, Tietjen states that she requested permission from the Assistant Manager to sit occasionally due to pain in her legs. (Dkt. 1 at 2-5). She does not allege that her request to sit was denied. *Id*. In her reply, she explains that she was harassed with false reports by a co-worker when she rested for five minutes due to pain in her legs from a car accident in 2003. (Dkt. 31 at 4). However, Tietjen does not state what her disability is or how Moe's discriminated against her based on it. Under the *Twombly* standard, Fed. R. Civ. P. 8 requires plaintiffs to state a claim to relief that is plausible on its face, and factual allegations must be enough to raise a right to relief above the speculative level. *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1000 (W.D. Wis. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Plausibility in a complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Because the Complaint does not inform Moe's of the facts underlying the disability discrimination claim, dismissal is warranted on this claim.

### C. Private Right of Action

Moe's contends that Tietjen's claims regarding criminal confinement and unlawful employment of aliens must be dismissed because neither statute creates a private right of action for citizens. (Dkt. 28 at 11.) A private right of action to enforce federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275 (2001). In order to determine whether the statute creates a private right of action, the Court must analyze the language of the statute. *Touché Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). The judicial task is to interpret the statute Congress

has passed to determine whether it displays an intent to create not just a private right but also a private remedy. *Id.*

### 1. Criminal Confinement

Tietjen asserts a claim of criminal confinement in her Complaint. (Dkt. 1-1.) She alleges that she was criminally confined by the cook Lucas who works for Moe's. "Private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action." *Saleem v. Helman*, 1997 U.S. App. LEXIS 22572, *8 (7th Cir. 1997). To the extent Tietjen seeks recovery, her claim for criminal confinement is dismissed because she has not pointed to a criminal statute that creates a private right of action for citizens. Because Tietjen has no private right of action, Moe's Motion to Dismiss is dismissal is warranted on this claim.

### 2. Unlawful Employment of Alien Claims

Tietjen also alleges the unlawful hiring of illegal immigrants under 8 U.S.C. § 1324a. Moe's correctly responds that § 1324a does not create a private right of action for citizens. Under the statute, only the federal government may bring a cause of action. Therefore, dismissal is warranted on Moe's Motion to Dismiss for unlawful employment of aliens under 8 U.S.C § 1324a.

### D. Unemployment Benefits

Finally, Tietjen alleges that Moe's caused her unemployment benefits to be denied. Moe's contends that Tietjen fails to state a claim. (Dkt. 28 at 12.) Tietjen alleges that Keo lied to the Unemployment Department stating that Tietjen had a breach of duty on the job. She explains that she appealed her denial, Defendants failed to appear, and she won her appeal. However, Tietjen claims that she has not received any money from the unemployment benefits due to delays at the unemployment office. (Dkt. 1 at 8.) Tietjen has failed to allege in her Complaint that Moe's did

anything that resulted in the denial of her unemployment benefits, and therefore dismissal is warranted on Tietjen's claim regarding unemployment benefits.

## IV. CONCLUSION

Tietjen's Complaint is untimely and she fails to state a claim for which relief can be granted. For the reasons stated above, Defendants Moe's Southwest Grill and Food Chain Inc.'s Motion to Dismiss, (Dkt. 27), is **GRANTED**. Because her Complaint is untimely, an amended complaint is an exercise in futility, therefore, the dismissal is with prejudice and final judgment will issue in a separate order.

**SO ORDERED.**

Date: 4/22/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Lorraine Tietjen
923 North Monroe Street
Bloomington, Indiana 47404

Elizabeth Marie Roberson
KRIEG DEVAULT LLP (Carmel)
eroberson@kdlegal.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com